JUDGE SWAIN

11 CV 1606

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

THE ESTATE OF MICHAEL HEISER, deceased;
GARY HEISER; FRANCIS HEISER; THE
ESTATE OF LELAND TIMOTHY HAUN,
deceased; IBIS S. HAUN; MILAGRITOS PEREZ-
DALIS; SENATOR HAUN; THE ESTATE OF
JUSTIN R. WOOD, deceased; RICHARD W.
WOOD; KATHLEEN M. WOOD; SHAWN M.
WOOD; THE ESTATE OF EARL F.
CARTRETTE, JR., deceased; DENISE M.
EICHSTAEDT; ANTHONY W. CARTRETTE;
LEWIS W. CARTRETTE; THE ESTATE OF
BRIAN MCVEIGH, deceased; SANDRA M.
WETMORE; JAMES V. WETMORE; THE
ESTATE OF MILLARD D. CAMPBELL,
deceased; MARIE R. CAMPBELL; BESSIE A.
CAMPBELL; THE ESTATE OF KEVIN J.
JOHNSON, deceased; SHYRL L. JOHNSON; CHE
G. COLSON; KEVIN JOHNSON, A MINOR, BY
HIS LEGAL GUARDIAN SHYRL L. JOHNSON;
NICHOLAS A. JOHNSON, A MINOR, BY HIS
LEGAL GUARDIAN SHYRL L. JOHNSON;
LAURA E. JOHNSON; BRUCE JOHNSON; THE
ESTATE OF JOSEPH E. RIMKUS, deceased;
BRIDGET BROOKS; JAMES R. RIMKUS; ANNE
M. RIMKUS; THE ESTATE OF BRENT E.
MARTHALER, deceased; KATIE L.
MARTHALER; SHARON MARTHALER;
HERMAN C. MARTHALER III; MATTHEW
MARTHALER; KIRK MARTHALER; THE
ESTATE OF THANH VAN NGUYEN, deceased;
CHRISTOPHER R. NGUYEN; THE ESTATE OF
JOSHUA E. WOODY, deceased; DAWN
WOODY; BERNADINE R. BEEKMAN;
GEORGE M. BEEKMAN; TRACY M. SMITH;
JONICA L. WOODY; TIMOTHY WOODY; THE
ESTATE OF PETER J. MORGERA, deceased;
MICHAEL MORGERA; THOMAS MORGERA;
THE ESTATE OF KENDALL KITSON, JR.,
deceased; NANCY R. KITSON; KENDALL K.
KITSON; STEVE K. KITSON; NANCY A.
KITSON; THE ESTATE OF CHRISTOPHER
ADAMS, deceased; CATHERINE ADAMS; JOHN
E. ADAMS; PATRICK D. ADAMS; MICHAEL T.



11-CV-_____

[RE: Islamic Republic of Iran, Iranian
Ministry of Information and Security, and
the Iranian Islamic Revolutionary Guard
Corps., Judgment Debtors]

ADAMS; DANIEL ADAMS; MARY YOUNG; ELIZABETH WOLF; WILLIAM ADAMS; THE ESTATE OF CHRISTOPHER LESTER, deceased; CECIL H. LESTER; JUDY LESTER; CECIL H. LESTER, JR.; JESSICA F. LESTER; THE ESTATE OF JEREMY A. TAYLOR, deceased; LAWRENCE E. TAYLOR; VICKIE L. TAYLOR; STARLINA D. TAYLOR; THE ESTATE OF PATRICK P. FENNIG, deceased; THADDEUS C. FENNIG; CATHERINE FENNIG; PAUL D. FENNIG; and MARK FENNIG,

       Petitioners,

v.

JPMORGAN CHASE BANK, N.A.,

       Respondent.

----------------------------------------------------------------x

## PETITION FOR TURNOVER ORDER
### PURSUANT TO FED. R. CIV. P. 69 AND N.Y.C.P.L.R. §§ 5225 & 5227

Petitioners (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon

2

Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the

Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua

E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M.

Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of

Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of

Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K.

Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine

Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel

Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of

Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.;

(69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor;

(72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased;

(75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig

(collectively, "Petitioners"), by their undersigned attorneys, for their petition in this proceeding,

allege as follows:

## NATURE OF THE PROCEEDING

1.    This is a proceeding pursuant to 28 U.S.C. § 1610(g), the Terrorism Risk

Insurance Act of 2002 (Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note

("TRIA")) § 201, and N.Y.C.P.L.R. §§ 5225 and 5227, made applicable through Federal Rule of

Civil Procedure 69, for an order compelling respondent and garnishee JPMorgan Chase Bank,

N.A. ("JPMorgan" or the "Respondent") to turn over the Iranian Assets (as defined below) that it

holds in accordance with a levy against funds in Respondent's possession.  The assets are

secured by two writs of execution obtained by Petitioners in miscellaneous actions in this district

to register money judgments granted by the United States District Court for the District of Columbia in favor of Petitioners and against defendants Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. ("Judgment Debtors"). The registrations were commenced in this Court under miscellaneous docket case numbers M18-302 and 10-MC-00005. The Petitioners do not, however, seek a turnover, at this time, and make no claim, at this time, to the "Phase 1 Assets" as defined in the January 28, 2011 Opinion and Order issued by the Honorable Robert P. Patterson of this Court in the matter styled *Levin, et al. v. Islamic Republic of Iran, et al.*, Civ No.: 09-5900 (RPP), 2011 WL 337358 (S.D.N.Y. Jan. 28, 2011) and identified on Exhibit A hereto.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1610, *et seq.*, and TRIA § 201, in addition to ancillary jurisdiction to enforce the judgments registered in this district pursuant to 28 U.S.C. § 1963. *See also RCA Corp. v. Tucker*, 696 F. Supp. 845, 850 (E.D.N.Y. 1988) ("As to subject matter jurisdiction, the authorities are unanimous that a federal court maintains ancillary jurisdiction to enforce its own judgment, and that, under Rule 69, Fed. R. Civ. P., no independent jurisdictional basis is necessary to commence an enforcement proceeding against a garnishee not a party to the original suit.")

3.      This Court has personal jurisdiction over Respondent, a resident of New York, under New York law as incorporated here via Federal Rule of Civil Procedure 4 and over the Judgment Debtors, whose assets are being sought, under 28 U.S.C. § 1330(b). The Southern District of New York is the proper venue for this proceeding pursuant to 28 U.S.C. § 1391(b), (d), and (f) because, *inter alia*, a substantial part of the events or omissions giving rise to the

claim occurred in this judicial district and/or certain of the property that is the subject of this action may be situated in this jurisdiction.

## THE PARTIES

4.      The Petitioners, all citizens of the United States residing in the United States, are family members and the personal representatives of the estates of seventeen of the nineteen U.S. Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia[1] in consolidated cases before the United States District Court for the District of Columbia captioned *Heiser v. Iran* (Case No. 00-CV-2329 RCL) and *Campbell v. Iran* (Case No. 01-CV-2104 RCL).  The Petitioners are judgment creditors who hold a total unsatisfied judgment pursuant to 28 U.S.C. § 1605A, in the amount of $591,089,966.00, plus post-judgment interest at the legal rate, against judgment debtors the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. (collectively, "Iran").

5.      On information and belief, Respondent and garnishee JPMorgan is a bank, domiciled and headquartered in New York, with offices at 270 Park Avenue, New York, New York, and in possession of Iranian Assets (as defined below).

6.      The Respondent is named as a respondent in this action pursuant to N.Y.C.P.L.R. § 5225(b), which section allows a judgment creditor to commence a special proceeding against "a person in possession or custody of money or other personal property in which the judgment debtor has an interest, … where it is shown that the judgment debtor is entitled to possession of

---

[1]     Prior to their murders, the seventeen decedents were engaged in United Nations-sanctioned, peace time operations while stationed in Saudi Arabia.

such property or that the judgment creditor's rights to the property are superior to those of the transferee." *Id.*

7. Under controlling New York law, Petitioners are not required to name the individual remitters of each account to this action; rather, it is the duty of the Respondent to implead potential adverse claimants and/or the duty of an adverse claimant to seek to intervene.

## BACKGROUND

### The Judgment Against Iran

8. Petitioners hold an unsatisfied judgment under 28 U.S.C. § 1605A against Iran in the total amount of $591,089,966.00, plus post-judgment interest at the legal rate. The judgment is comprised of two parts: (1) a judgment dated December 22, 2006 in the amount of $254,431,903.00 (the "December 2006 Judgment") and (2) a supplemental judgment dated September 30, 2009, in the amount of $336,658,063.00 (the "September 2009 Judgment") (together, the "Judgment").

9. On February 7, 2008, the United States District Court for the District of Columbia entered an order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time had elapsed following the entry of the December 2006 Judgment and the giving of notice of the December 2006 Judgment under 28 U.S.C. § 1608(e), and authorizing the Petitioners to pursue attachment in aid of execution of the December 2006 Judgment. A true and correct copy of the February 7, 2008 Order is attached hereto as Exhibit B.

10. On May 10, 2010, the United States District Court for the District of Columbia entered an order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time had elapsed following the entry of the September 2009 Judgment and the giving of notice of the September 2009 Judgment under 28 U.S.C. § 1608(e), and authorizing the Petitioners to pursue

attachment in aid of execution and execution of the September 2009 Judgment. A true and correct copy of the May 10, 2010 Order is attached hereto as Exhibit C.

### Registration of the Judgment in This District

11. On September 8, 2008, the Petitioners registered the December 2006 Judgment with this Court pursuant to 28 U.S.C. § 1963, under case number M18-302, judgment number 08,1562. In addition, on December 8, 2010, the Petitioners registered the September 2009 Judgment with this Court pursuant to 28 U.S.C. § 1963, under case number 10-MC-00005, judgment number 10,2146. A true and correct copy of the Judgment, as registered in this Court, is attached hereto as Exhibit D.

### Enforcement of the Judgment in This District

12. The Petitioners hold the Judgment under 28 U.S.C. § 1605A, thereby entitling the Petitioners to enforce the Judgment in accordance with 28 U.S.C. § 1610, *et seq.*, and TRIA § 201.

13. The Islamic Republic of Iran, one of the judgment debtors, is a foreign state that is designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)). Iran is also designated a "state sponsor of terrorism" under 28 U.S.C. §1605A, 1610, *et seq.*, and Petitioners' judgment against Iran, therefore, constitutes a judgment against a "terrorist party" as defined in Section 201(d)(4) of TRIA.

14. Pursuant to 28 U.S.C. § 1610(g), the Petitioners are entitled to enforce the Judgment by executing against property of Iran, property of an agency or instrumentality of Iran, and property of separate juridical entities in which Iran has an interest, direct or indirect. *See* 28 U.S.C. § 1610(g).

15.    In addition, TRIA § 201 commands that blocked assets of a terrorist state be made available to satisfy certain judgments:

> Notwithstanding any other provision of law … in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201. *See* N.Y.C.P.L.R. § 5225; 28 U.S.C. § 1610(g); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) (holding that, under N.Y.C.P.L.R. § 5225, funds in bank accounts of the terrorist party's agencies or instrumentalities that were subject to TRIA could be used to satisfy judgments obtained against a terrorist party).

16.    TRIA defines blocked assets as "any asset seized or frozen by the United States under section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) or under sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701, 1702)," excluding diplomatic and consular property and property related to certain transactions licensed by the government. TRIA § 201(d)(2).

17.    The assets being held by the Respondent on behalf of Iran, its agencies or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect, include assets that have been blocked pursuant to, *inter alia*, regulations implemented by the Office of Foreign Assets Control ("OFAC"), including, but not limited to, the Iranian Transactions Regulations, 31 C.F.R. Part 560, the Nonproliferation of Weapons of Mass Destruction and/or Specially Designated Global Terrorist Programs, and/or any other U.S. Governmental program or regulation, including but not limited to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961

(22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), Executive Order 13382 of June 25, 2007, or any other proclamation, order, regulation, or license issued pursuant thereto, due to a nexus with Iran, and are referred to herein as the "Iranian Assets."

18.    Upon information and belief, the Respondent is in possession of Iranian Assets.

19.    On December 10, 2010, pursuant to N.Y.C.P.L.R. § 5230, as made applicable here by Federal Rule of Civil Procedure 69, Petitioners served writs of execution issued by this Court (the "Writs") on the U.S. Marshal.  A true and correct copy of the Writs delivered to the U.S. Marshal is attached hereto as Exhibit E.  Upon delivery of the Writs to the U.S. Marshal, the Petitioners established a priority lien in assets held by the Respondent in which Iran has interest.

20.    On January 28, 2011, the U.S. Marshal levied the Writs upon JPMorgan.

21.    The Writs were levied on the Respondent because it was believed to be holding funds belonging to Iran, its agencies or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect.  A true and correct copy of proof of delivery of the Writs to the Respondent is attached as Exhibit F hereto.

22.    Upon information and belief, Iran, agencies and/or instrumentalities of Iran, and/or separate juridical entities in which Iran has an interest, direct or indirect, have an interest in, *inter alia*, certain blocked accounts located at the Respondent.

23.    Accordingly, the Respondent is in possession of assets which are subject to execution or attachment in aid of execution of the Judgment by the Petitioners under state and federal law.  *See* N.Y.C.P.L.R. § 5225; 28 U.S.C. § 1610(g); TRIA § 201.

24.    Therefore, the Petitioners' rights to the Iranian Assets being held by the Respondent are superior to those of the possessing party.

25.     Petitioners' rights are also superior to those of the Respondent and any potential remitters of such assets because (1) the Respondent is a disinterested stakeholder of the funds deposited into its possession, and (2) the assets blocked under the various economic sanction regulations of the U.S. Government have been determined by OFAC to be assets in which Iran and its agencies and/or instrumentalities have an interest.

## CLAIM FOR RELIEF

### Turnover

26.     Petitioners repeat and reallege the allegations contained in paragraphs 1 through 25 as if more fully set forth herein.

27.     Petitioners are entitled to enforce the Judgment against all assets, including the Iranian blocked assets, of Iran, any agency or instrumentality of Iran, and/or any separate juridical entity in which Iran has an interest, direct or indirect, within the United States. *See* 28 U.S.C. § 1610(g); TRIA § 201, 28 U.S.C. § 1610 note.

28.     Iran, its agencies and/or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect, have an interest in the Iranian Assets in possession of the Respondent.

29.     Upon information and belief, no adverse claimants have priority over the Petitioners to the Iranian Assets that are subject to the Writs and the U.S. Marshal's levies.

30.     The entire Judgment remains unsatisfied.

31.     The Respondent's refusal to release and turn over the Iranian Assets violates 28 U.S.C. § 1610(g) and TRIA § 201 and is not authorized by any other provision of law. The refusal is, therefore, invalid.

32. Failure to release the Iranian Assets in satisfaction of the Writs is in contravention of N.Y.C.P.L.R. § 5225(b) and potentially § 5227.

33. Not more than ninety (90) days have elapsed between the levy of the Writs and the commencement of this special proceeding.

34. Petitioners, therefore, respectfully demand an order compelling the Respondent to convey, assign, and pay to Petitioners, in satisfaction of the Judgment, all right, title, interest and money in the Respondent's possession in which Iran, its agencies and/or instrumentalities and any separate juridical entity in which Iran has an interest, direct or indirect, including, but not limited to, the Iranian Assets.

### PRAYER FOR RELIEF

WHEREFORE, Petitioners pray that this Court issue an Order, pursuant to 28 U.S.C. § 1610(g), TRIA § 201, under Federal Rule of Civil Procedure 69, and N.Y.C.P.L.R. §§ 5225(b) and 5227:

(A) Directing JPMorgan to turnover to the U.S. Marshal all of the Iranian Assets in its possession, custody or control that belong to Iran, its agencies or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect, in an amount not exceeding $591,089,966.00 plus post-judgment interest; and

(B) Awarding such other and further relief as this Court deems to be necessary and just.

Dated: New York, New York
March 8, 2011

_Barbara L. Seniawski_
Barbara L. Seniawski (BS 0224)
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: 212-335-4500
Facsimile: 212-884-4501

11

barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
  (*pro hac vice* application pending)
Dale K. Cathell (Md. Fed. Bar No. 26924)
  (*pro hac vice* application pending)
David B. Misler (Md. Fed. Bar No. 28828)
  (*pro hac vice* application pending)
DLA PIPER LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for the Petitioners*

EAST\44371142