

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209-3600
www.dlapiper.com

Dale K. Cathell
dale.cathell@dlapiper.com
T  410.580.4122
F  410.580.3122

April 15, 2013
VIA E-MAIL SCHOFIELD_NYSDCHAMBERS@NYSD.USCOURTS.GOV

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/17/2013

Re:   *Estate of Michael Heiser et al. v. JPMorgan Chase Bank, N.A.*,
      **Case No. 11-cv-01606 (LGS) (MHD)**

Dear Judge Schofield:

We represent Petitioners the Estate of Michael Heiser, *et al.* (the "Petitioners") and write, on behalf of both the Petitioners and Respondent JPMorgan Chase Bank, N.A. (the "Respondent"), in response to the Court's April 2, 2012 Order directing the parties to submit a joint status letter.

*Nature of the Action*

This is a judgment enforcement proceeding in which the Petitioners seek to satisfy a portion of their judgment against the Islamic Republic of Iran by obtaining the turnover of certain assets (the "Blocked Assets") held at the Respondent in which Iran or its agencies or instrumentalities allegedly have an interest.

*Subject Matter Jurisdiction and Venue*

In their Petition, Petitioners assert that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States, including the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., and Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, codified at 28 U.S.C. § 1610 note ("TRIA").  Petitioners further assert that venue is proper pursuant to 28 U.S.C. § 1391(b), because, inter alia, property that is the subject matter of the action may be situated in this district.  The Respondent does not contest subject matter jurisdiction or venue.

*Procedural Posture and Motions Filed to Date*

On March 8, 2011, Petitioners commenced this action by filing a Petition for Turnover against the Respondent pursuant to TRIA and Section 1610(g) of the FSIA.  See ECF Doc. No. 1.  The Respondent filed a Response to the Petition on April 15, 2011.  See ECF Doc. No. 10.

On December 7, 2011, the parties filed a Stipulation Staying the Proceedings pending the resolution of certain matters in *Levin v. Bank of New York, et al.,* Case No. 09-Civ-05900 (RPP) (MHD) (SDNY) (the



Honorable Lorna G. Schofield
April 15, 2013
Page Two

"Levin Action"). See ECF Doc. No. 16. The Court stayed the matter on December 7, 2011. The Blocked Assets are part of the assets at issue in the Levin Action. The Petitioners are a party to the Levin Action. The parties sought a stay of this proceeding pending a final nonappealable judgment as to the Petitioners' claims to and rights in the Blocked Assets in the Levin Action. The Levin Action, which has been divided into multiple phases, is still pending before the Honorable Robert P. Patterson. In the first phase of that action, the Respondent and other banks turned over certain monies to the Petitioners and other judgment creditors of Iran. The Blocked Assets are now a subject of a separate pending turnover motion in the Levin Action.

*Discovery*

This proceeding is currently stayed. Although no discovery has taken place in this proceeding, three rounds of discovery relevant to the Petitioners' claim for a turnover of the Respondent's assets were held in the Levin Action between 2009 and early 2012.

*Computation of Damages*

The underlying judgments which Petitioners seek to enforce in this proceeding consist of a judgment dated December 22, 2006 in the amount of $254,431,903, plus post-judgment interest, and a supplemental judgment dated September 30, 2009 in the amount of $336,658,063, plus post-judgment interest. *See* Amended Petition ¶8 [ECF Doc. No. 17].

*Settlement*

This proceeding is currently stayed pending resolution of the Levin Action.

Respectfully submitted,

**DLA Piper LLP (US)**

Dale K. Cathell

cc: J. Kelley Nevling, Esq., via email
   Steven B. Feigenbaum, Esq., via email
   Catherine Hardee, Esq., via email
   Timothy H. Birnbaum, Esq., via email

```
The parties shall submit a status
letter to the Court upon any change,
but in any event no later than
July 17, 2013.
SO ORDERED.  Dated: April 17, 2013
```

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE