

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Richard M. Kremen
Richard.Kremen@dlapiper.com
T  410.580.4191
F  410.580.3191

October 28, 2016
VIA ECF

The Honorable Lorna G. Schofield
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *The Estate of Michael Heiser, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 11-cv-1606

Dear Judge Schofield:

This firm is counsel to petitioners The Estate of Michael Heiser, *et. al.* (the "Heisers") in the above-referenced proceeding. By Stipulation endorsed December 7, 2011, this proceeding was stayed pending the outcome of *Levin v. Bank of New York, et al.*, Case No. 09-Civ-05900 (S.D.N.Y.) (the "Levin Action"). This letter is written on behalf of the Heisers and respondent JPMorgan Chase Bank, N.A. ("JPMorgan") in response to this Court's order dated October 21, 2016 directing the parties (1) to file a joint letter identifying the issues relevant to this action that were not resolved by the final judgment dated October 5, 2016 entered in the Levin Action (the "Levin Judgment"), and (2) to provide a date by which the Heisers anticipate moving to lift the stay.

The Levin Judgment resolves only a narrow issue regarding a particular blocked account that was held by Citibank, N.A., one of the garnishee banks named as a respondent in the Levin Action. Except insofar as it lifted the stay in the Levin Action, the Levin Judgment does not affect JPMorgan or any other garnishee banks in the Levin Action.

By letter dated October 13, 2016, and as directed by the Court in the Levin Action, the Levin judgment creditors informed the Court that, going forward, they intend to issue updated discovery requests to the garnishee banks (including JPMorgan). The banks last provided discovery responses to the Levins in 2012 and 2014, and the purpose of new discovery requests is to identify new accounts, if any, that have since been blocked under Office of Foreign Asset Control ("OFAC") regulations relating to the Islamic Republic of Iran ("Iran") and its agencies and instrumentalities, and that satisfy the requirements for execution established by the Second Circuit in *Hausler* and *Calderon-Cardona*. As of the time of this letter, the Levins have not yet served JPMorgan with a new discovery request, and the parties are not aware that the Levins have served any of the other garnishee banks yet in the Levin Action.

If there are any blocked assets, held by one or more garnishee banks, that the Levin judgment creditors believe are subject to execution, then the Levins are expected to file a new turnover motion similar to ones they filed in the past, though the banks involved may first commence interpleader actions to ensure that any parties with a possible interest in the blocked accounts are given the chance to assert



The Honorable Lorna G. Schoenfield
October 28, 2016
Page Two

those interests. If there are no new assets that meet the requirements of *Hausler* and *Calderon-Cardona*, then the Levins will dismiss the complaints filed in the Levin Action without prejudice.

If the Levin Action is dismissed, then the Heisers will promptly dismiss this turnover proceeding as well. However, if there are additional assets that are subject to execution, then the Heisers believe that this action should remain stayed until after a final judgment with respect to those assets is entered in the Levin Action. The Heisers will not know whether the Levin Judgment will have resolved all of the issues relevant to this action until after JPMorgan has responded to the request in the Levin Action to update its discovery responses, and any newly disclosed blocked accounts have been assessed to determine whether they may be subject to execution. The Levin judgment creditors have informed the Heisers that they expect the new discovery requests will be served next week. However, at this time, the Heisers cannot anticipate any date by which they will move to lift the stay in this action.

JPMorgan, on the other hand, has advised us through its counsel that while JPMorgan is not opposed to a continuation of the stay of this action, it questions why the Heisers need to continue this action at all. JPMorgan's understanding, as expressed by counsel, is that the Heisers will share with the Levins and certain other judgment creditors of Iran in the recovery of any new blocked funds that are determined in the Levin Action to be subject to execution under *Hausler* and *Calderon-Cardona.* So long as the Heisers do not seek in this proceeding any relief beyond what they may obtain in the Levin Action, JPMorgan's position is that this action is superfluous and may be discontinued, with or without prejudice.

The Heisers believe, however, that this action needs to remain open in order to preserve their priority, vis-à-vis other Iranian judgment creditor groups, with respect to the blocked assets in the Levin Action. Pursuant to New York's Civil Practice Law and Rules § 5232(a), at the expiration of 90 days after service of a writ of execution, the levy is void unless the judgment creditor has initiated a turnover proceeding pursuant to § 5225 or § 5227. The Heisers' inclusion in the Levin Action is directly tied to this turnover action. If this proceeding is closed, the Heisers' lien position may be prejudiced with respect to any newly discovered assets. Accordingly, the Heisers believe that this turnover action should remain open.

The parties are available to answer any additional questions the Court may have.



The Honorable Lorna G. Schoenfield
October 28, 2016
Page Three

    Very truly yours,

    **DLA Piper LLP (US)**

    Richard M. Kremen

cc: All counsel of record via ECF